IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATEEF WATTS, | : |
| | :    CIVIL ACTION |
|     Petitioner, | : |
| | : |
| v. | : |
| | :    NO.  16-188 |
| VINCENT MOONEY, et al., | : |
| | : |
|     Respondents. | : |

**MEMORANDUM**

**KEARNEY, J.**                                                                                                                         **May 26, 2016**

      Granted parole before his maximum sentence imposed by the state courts expired, Lateef Watts ("Watts") decided to commit another crime and violate the agreed parole terms resulting in a state court judge ordering him back to prison to serve the remainder of his original maximum sentence followed by a sentence for the parole violation. Watts now petitions for a Writ of Habeas Corpus challenging the Pennsylvania Board of Probation and Parole's denial of credit for time he served on parole which extends the term of his incarceration. As we find his Petition is untimely, procedurally defaulted and lacks merit, we deny his Petition in the accompanying Order.

**I.     Facts**

      Following Watts' guilty plea, the Honorable Chad Kenny of the Delaware County Court of Common Pleas sentenced Watts to a term of three (3) to six (6) years imprisonment for Manufacture, Sale, Delivery, or Possession with Intent to Deliver a Controlled Substance.[1] Thereafter, the Honorable Chris Wogan of the Philadelphia County Court of Common Pleas sentenced Watts to a consecutive term of two (2) to four (4) years for Violation of Probation -

Firearm Not to Be Carried Without a License.[2] As consecutive sentences, Watts' incarceration aggregated into a five to ten-year term, with a minimum expiration date on August 25, 2010 and the maximum expiration date on August 25, 2015.[3]

On August 24, 2010, Watts signed Conditions Governing Parole upon his release from incarceration.[4] The Conditions warned if a court convicted him of a crime while on parole, "the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole."[5] The following day, the Pennsylvania Board of Probation and Parole ("Parole Board") released Watts on parole from his aggregated sentence.[6]

On June 28, 2013, the Chester City Police arrested Watts on new criminal charges.[7] The Parole Board detained Watts.[8] The state court originally dismissed the criminal charges on August 14, 2013, and the Parole Board placed Watts on parole supervision.[9] On August 29, 2013, however, the police re-filed criminal charges.[10] The Parole Board detained Watts as of September 4, 2013.[11] On December 17, 2013, Watts pled guilty to Person Not to Possess/Use Firearms, and the state court sentenced him to prison for thirty (30) to seventy-two (72) months.[12]

On January 9, 2014, Watts waived his right to a parole revocation hearing and admitted committing an offense while on parole.[13] With his new conviction, the Parole Board revoked Watts' parole and voted to deny him credit for time at liberty.[14] In a decision recorded on March 20, 2014, the Parole Board recommitted Watts to a state correctional institution as a convicted parole violator to serve twenty-four (24) months backtime.[15] The Parole Board further ruled Watts would not be eligible for reparole until February 9, 2016.[16] The Parole Board mailed its decision on March 27, 2014 setting Watts' new maximum release date ("max

2

date") as December 20, 2018.[17]

Watts requested administrative relief with the Parole Board on April 10, 2014, objecting to the Parole Board's authority to recalculate his max date.[18] On September 9, 2014, before receiving a decision on his request, Watts filed a Petition for Review in Pennsylvania Commonwealth Court again objecting to the Parole Board's authority to recalculate his max date.[19] The Commonwealth Court dismissed his request because Watts failed to cure a pleading defect.[20] In a September 19, 2014 decision mailed on September 22, 2014, the Parole Board notified Watts of a clerical error in the previous sentence modification and issued a new decision recalculating his max date to December 23, 2018.[21] The following day, September 23, 2014, the Parole Board dismissed Watts' April 10, 2014 request for administrative relief as mooted by its new decision.[23]

Watts' new max date equated to 1,826 days remaining on his sentence at the time of his initial parole.[24] The Parole Board credited Watts with forty-eight (48) days representing his confinement from June 29, 2013 to August 16, 2013, and one (1) day for being confined solely on the Parole Board's detainer (September 4, 2013 to September 5, 2013).[25] The Parole Board did not give Watts credit for his confinement on both the new criminal charges and the Parole Board detainer from September 5, 2013 to February 10, 2014.[26]

Watts never appealed the September 19, 2014 decision to either the Parole Board or to the Commonwealth Court. Watts is now serving his original five- to ten-year sentence with a max release date of December 23, 2018. Upon either parole or completion of the original sentence, Watts will begin serving his new thirty (30) to seventy-two (72) months.

3

## II. Analysis

Watts seeks a Writ of Habeas Corpus alleging the Parole Board lacked authority to alter a judicially-imposed sentence. Respondents argue we must deny his Petition because of: (1) untimeliness; (2) procedural default; and (3) absence of a constitutional violation upon which the Writ may be grounded.

### A. Watts' Petition is untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> >
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[27]

The AEDPA includes a tolling exception, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

4

subsection."[28] A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing."[29] "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 28 U.S.C. § 2244(d)(2)."[30] Section 2244(d)(2) excludes from the one-year period only the time a properly filed collateral attack is actually under submission.[31]

After the revocation of Watts' right to parole, the Parole Board recommitted him to custody and recalculated his maximum release date to December 20, 2018.[32] The Parole Board mailed its decision on March 27, 2014 with the warning:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE § 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.[33]

Watts filed a request for administrative relief with the Parole Board on April 10, 2014,[34] challenging the Parole Board's authority to recalculate his max date.[35] Before, Watts filed a Petition for Review in Commonwealth Court also challenging the Parole Board's authority to recalculate his max date. The Commonwealth Court dismissed this Petition for Review on October 26, 2015 due to Watts' failure to cure a pleading defect.[36]

Long before the October 2015 dismissal, the Parole Board issued another decision, mailed September 22, 2014, which again recalculated Watts' max date.[37] The Parole Board explained modifying its March 20, 2014 action "due to a clerical error."[38] The new parole violation max date became December 23, 2018, and again included the following notice:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY

> DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE § 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.[39]

After this decision, the Parole Board mailed a letter to Watts telling him:

> This is a response to the "Request for Administrative Remedy" received from you on April 10, 2014, and the appeal letter received from you on April 17, 2014. Because you object to the December 20, 2018 maximum sentence date, your request is considered to be a petition for administrative review from the decision mailed March 27, 2014 (recorded 03/20/2014).
>
> Prior to reviewing your request, an error was discovered that changed your sentence calculation. On September 22, 2014, the Board mailed a modified recalculation decision that changed your parole violation max date to December 23, 2018. Thus, your objection to the prior maximum sentence date calculation is now moot.
> Accordingly, your petition or administrative review is DISMISSED AS MOOT.[40]

Despite this notice, Watts never filed a petition for administrative relief from the September 19, 2014 decision. He had thirty (30) days from the September 22, 2014 <u>mailing</u> date to seek administrative review, meaning the one-year statute of limitations in 28 U.S.C. § 2244 began running on October 22, 2014. Thereafter, Petitioner had one year—until October 22, 2015—to seek *habeas* relief in this Court. He filed the present Petition on January 14, 2016, months after the statute of limitations ended.

The AEDPA's statute of limitations is not a jurisdictional bar and is subject to equitable tolling.[41] Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."[42] The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with Watts.[43] To obtain the benefits of equitable tolling, Watts must prove two elements: "(1) that he has been pursuing his rights diligently, and

6

(2) that some extraordinary circumstance stood in his way."[44]  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."[45]  To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation."[46]

Watts does not explain his delay in filing, nor has he demonstrated reasonable diligence in pursuing his rights.  Rather, he makes the ambiguous argument "[t]he Third Circuit Court Appeals [sic] has excused State prisoners who failed to present their claims in the State Courts, because the Circuit Court recognized with certainly [sic] that the state Courts would not hear time-barred claims."[47]  Watts relies on inapposite authority which do not discuss untimely petitions under the AEDPA, let alone excuse untimeliness under a theory of equitable tolling.[48]

Watts also argues he submitted his claims "to both the Commonwealth Court of Pennsylvania under title of Administrative Review which that Court denied and to the Court of Common Pleas of Delaware County under title of Motion for Review and Resentencing, which that Court denied, but equally egregious converted Petitioner's Motion for Review and Resentencing to a Post-conviction Collateral Relief Act Motion without notification or opportunity to meet the statutory requirements that which in itself contained a different remedial statutory framework."[49]  His argument misunderstands state court proceedings.  Watts filed both a request for administrative relief with the Parole Board and a Petition for Review in Commonwealth Court in connection with the Parole Board's decision mailed March 27, 2014.  The Parole Board's recalculation of Watts' max date in a September 19, 2014 decision mooted the March 27, 2014 decision.  The Parole Board informed Watts of these proceedings and

7

specifically advised him, in all capital letters, of a thirty (30) day deadline for any request for review of the new recalculated max. Despite this unequivocal notice, Watts never sought either Parole Board review or an appeal to the Commonwealth Court. Nor has Watts alleged an impediment to his timely pursuit of state court remedies.

We decline to find Watts' misunderstanding of the state court proceedings constitutes an "extraordinary basis" upon which we can toll the limitations periods.

### B. Watts' Petition is barred by a procedural default.

Alternatively, even if Watts timely filed his Petition, his claims are barred by the doctrine of procedural default. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available remedies in state court.[50] In other words, Watts must invoke "one complete round of the State's established review process" before he may assert a claim on federal habeas review.[51] Generally, federal courts should dismiss unexhausted claims without prejudice, so as not to deprive state courts of the "opportunity to correct their own errors, if any."[52]

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for the purpose of federal habeas . . . ."[53] The procedural default barrier precludes federal courts from reviewing a state petitioner's habeas claims if the state court decision is based on a violation of state procedural law independent of the federal question and adequate to support the judgment.[54] "In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. . . [b]ecause this Court has no power to review a state law

8

determination that is sufficient to support the judgment."[55] The purpose of the procedural default doctrine is to prevent habeas petitioners from attempting to avoid the exhaustion doctrine by defaulting their federal claims in state court.[56] Although the issue of procedural default is best addressed by the state courts in the first instance, a federal court may dismiss a petition as procedurally defaulted if state law would unambiguously deem it barred.[57]

The Parole Board established Watts' December 23, 2018 release date in a decision recorded on September 19, 2014, and mailed on September 22, 2014. Under the Parole Board regulations, a parolee has thirty (30) days from the mailing date of the Parole Board's determination to petition for administrative review of a Parole Board recalculation order.[58] Watts never filed a petition seeking administrative review of the recalculation order.[59] As he would be barred in state court from doing so now, his claims are procedurally defaulted[60] and his habeas petition must be dismissed.

### C. Watt's Petition also fails on the merits.

Finally, notwithstanding either the time-bar or the procedural default, Watts' Petition for Writ of Habeas Corpus fails on its merits. We may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[61] Typically, habeas relief for non-constitutional claims will only be granted to state prisoners where the conduct of the state proceedings resulted in a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.[62] Claimed violations of state law, standing alone, do not entitle Watts to Section 2254 relief absent a showing that those violations are so great as to

9

be of a constitutional dimension.[63]

Watts challenges the manner in which the Parole Board revoked, recalculated, and extended his term of incarceration following parole violations involving new criminal conduct. Federal courts reject arguments from state prisoners challenging discretionary parole denials as offending constitutional due process, and deny habeas relief to such petitioners.[64] These courts find, as we do, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[65] In addition, the Pennsylvania parole statute does not create a liberty interest in the expectation of parole.[66] Given these tenets, "…federal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."[67]

Section 6138 of the Prisons and Parole Code specifically authorizes the Parole Board to recalculate the maximum sentence date for convicted parole violations:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring

10

>registration under 42 Pa.C.S. Ch. 97 Subch. H1 (relating to registration of sexual offenders).
>(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).[68]

While nothing in this statute allows the Parole Board to change a sentence, the statute explicitly directs the Parole Board shall not give credit towards the original sentence for time spent on parole unless the Parole Board, acting in its discretion, deems it proper. "Based upon its plain language, there are no statutory standards in section 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised."[69] Nor is there any "express requirement that the Board issue a statement of reasons for denying credit to a [parole violator] for time spent at liberty on parole." Courts have repeatedly upheld this statute against a multitude of constitutional challenges.[71]

We find no merit to Watts' argument the Parole Board's denial of credit for his time spent on parole and recalculation of his maximum release date violate his constitutional right to be free from cruel and unusual punishment. Indeed, "all that the Board did was to revoke his parole because of his subsequent crimes and require him to serve the remainder of his maximum sentence . . . . This the Board was authorized to do by the Pennsylvania law . . ."[72] Finding nothing in the Parole Board's decision offending the Constitution, we deny Watts' Petition for Writ of Habeas Corpus on its merits.

### III. CONCLUSION

Watts' request for habeas corpus relief fails to establish grounds for relief in multiple respects. It is time-barred, as it was filed months after the statute of limitations ended and there are no grounds for equitable tolling. His Petition suffers from procedural default because Watts

11

failed to exhaust his state court remedies and cannot do so at this juncture. Finally, Watts fails to identify a constitutional violation upon which the writ may issue. We deny the Petition for Writ of Habeas Corpus in the accompanying Order. We further find there is no probable cause to issue a certificate of appealability as Watts has neither demonstrated a reasonable jurist could find our findings debatable, nor shown denial of a federal constitutional right.

---

1. (Opposition, ECF Doc. No. 9, Ex. 1.)

2. (*Id.*)

3. (*Id.*)

4. (*Id.*, Ex. 2.)

5. (*Id.*)

6. (*Id.*, Ex. 3.)

7. (*Id.*, Ex. 4.)

8. (*Id.*, Ex. 5.)

9. (*Id.*, Ex. 4.)

10. (*Id.*, Ex. 6.)

11. (*Id.*, Ex. 7.)

12. (*Id.*, Ex. 8.)

13. (*Id.*, Ex. 9.)

14. (*Id.*, Ex. 10.)

15. (*Id.*, Ex. 11.)

16. (*Id.*)

17. (*Id.*)

18. (*Id.*, Ex. 12.)

19.  (*Id.*, Ex. 13.)

20.  (*Id.*, Ex. 14.)

21.  (*Id.*, Ex. 15.)

23.  (*Id.*, Ex. 16.)

24.  (*Id.*, Ex. 17.)

25.  (*Id.*)

26.  (*Id.*) Credit for this time will be applied to his new thirty (30) to seventy-two (72) month sentence when it is calculated.

27.  28 U.S.C. § 2244(d)(1)( (1996).

28.  28 U.S.C. § 2244(d)(2).

29.  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

30.  *Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) (quotations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003) (if a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly-filed application " for tolling purposes).

31.  *Id.* (holding that to fall within the AEDPA tolling provision, the petition or collateral review must have been both pending and "properly filed"); *Shaird v. Wolf*, No. Civ.A.03-18, 2004 WL 555413, at *3 (E.D. Pa. Feb. 26, 2004) (time that lapses between final judgment of petitioner's criminal case and petitioner's filing of first PCRA counts toward petitioner's one-year time limit).

32.  (Opposition, ECF Doc. No. 9, Ex. 11.)

33.  (*Id.*)

34. Under Parole Board regulations, a parolee may petition for administrative review of a Parole Board recalculation order under 37 Pa. Code § 73.1(b), which provides:

> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a).  Petitions for administrative review shall be received by the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to petition for administrative review.

> . . .
> (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code § 73.1(b)(1), (3).

35. (*Id.*, Ex. 12.)

36. (*Id.*, Ex. 13, 14.)

37. Watts concedes receiving this Parole Board Decision, as well as a "DC-16E-Sentence Status Summary Sheet" from the Record Department of the State Correctional Institution at Coal Township, officially informing him of his new max date. (Pet.'s Mem. Supp. Habeas Corpus ¶ 16.)

38. (*Id.*, Ex. 15.)

39. (*Id.*)

40. (*Id.*, Ex. 16.)

41. *Miller v. NJ State Dept. of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998).

42. *Id.* (quotation omitted).

43. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

44. *Id.*

45. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

46. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

47. (Pet.'s Mem. Supp. Habeas Corpus ¶ 29.)

48. *See Slutzker v. Johnson*, 393 F.3d 373, 380–81 (3d Cir. 2004) (finding failure to exhaust state court remedies was excused because any state filing would be untimely, but nonetheless dismissing habeas claims as procedurally defaulted); *Gray v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1996) (same). Watts cites *Gray v. Hoke*, but identifies the name of the case as *Allen v. Attorney General*, which is actually cited at 507 F. App'x 121 (3d Cir. 2012). Having reviewed both cases, we presumes Watts meant to cite *Gray v. Hoke* since *Allen* involves a petition for review of an order of the Board of Immigration Appeals.

49. (ECF Doc. No. 15, p. 4)

50. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

51. *Id.* at 845.

52. *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993).

53. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

54. *Coleman*, 501 U.S. at 729.

55. *Id.*

56. *Id.* at 732.

57. *Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995).

58. 37 Pa. Code § 73.1(b).

59. "Indeed, such petitions have routinely been denied in the past where, as in this case, it has been shown that the petitioner who is challenging a parole decision has not exhausted his other remedies before proceeding to federal court." *Webb v. Gavin*, No. Civ.A.15-221, 2015 WL 4354333, at *6 (M.D. Pa. July 14, 2015) (citing *Warwick v. Miner,* 257 F. App'x 475 (3d Cir. 2007); *Williams v. Winder*, 232 F. App'x 177 (3d Cir. 2007); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001)).

60. Although Watts may avoid procedural default if he can demonstrate either "cause for the default and prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750, he does not even allege, let alone establish, a basis for either of these exceptions.

61. 28 U.S.C. § 2254(a).

62. *Reed v. Farley*, 512 U.S. 339, 354 (1994).

63. *See Werts v. Vaughn,* 228 F.3d 178, 197 (3d Cir. 2000).

64. *See, e.g., Webb v. Gavin*, No. Civ.A.15-221, 2015 WL 4354333, at *7 (M.D. Pa. June 14, 2015) (citing *Williams v. Pa. Bd. of Probation and Parole*, No. Civ.A.07–3158, 2008 WL 5120773, at *3–4 (E.D. Pa. Oct. 31, 2008); *Walls v. Attorney General*, No. Civ.A.06–1598, 2007 WL 4190790, at *4–6 (W.D. Pa. Nov.26, 2007); *Zuniga v. Pa. Bd. of Probation and Parole*, No. Civ.A.05–5517, 2007 WL 1002179, at *12 (E.D. Pa. Mar. 29, 2007); *Anderson v. Pa. Bd. of Probation and Parole*, No. Civ.A.05–00163, 2006 WL 1149233, at *3 (M.D. Pa. Apr. 26, 2006); *Bonsall v. Gillis*, 372 F. Supp. 2d 805, 807–08 (M.D. Pa. 2005).

65. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Rauso v. Vaughn*, 79 F. Supp. 2d 550, 551 (E.D. Pa. 2000).

66. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996); *Rodgers v. Parole Agent SCI–Frackville*, 916 F. Supp. 474, 476–77 (E.D. Pa. 1996).

67. *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002).

68. 61 Pa. Cons. Stat. § 6138(a)(1–2.1.)

69. *Pittman v. Pa. Bd. of Probation & Parole*, 131 A.3d 604, 611 (Pa. Commw. 2016), *appeal denied*, 2016 WL 2975241 (Pa. May 23, 2016).

71. *See, e.g., Choice v. Pa. Bd. of Parole*, 448 F. Supp. 294, 298 (E.D. Pa. 1977) (citing cases and noting the statute "has been held not to violate the due process and equal protection guarantees of the federal constitution, and not to violate the constitutional prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment or ex post facto laws"); *U.S. ex rel. Heacock v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa. 1966) ("No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.").

72. *U.S. ex rel. Lawson v. Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970).